| | |
|---|---|
| ROGER H. KAYE and ROGER H. KAYE, MD PC, *on behalf of themselves and all others similarly situated*,<br><br>     *Plaintiffs*,<br><br>     v.<br><br>MD TLC, INC., FLO GOSHGARIAN, AND DIANNE QUIBELL,<br><br>          *Defendants*. | No. 3:18-cv-00026-VAB |

**RULING AND ORDER ON MOTION TO DISMISS**

On January 5, 2018, Roger H. Kaye and Roger H. Kaye, MD PC ("Plaintiffs"), on behalf of themselves and all others similarly situated, sued MD TLC, Inc. ("MD TLC"), Flo Goshgarian, and Dianne Quibell (collectively "Defendants"), claiming that Defendants sent them unsolicited facsimiles ("faxes") in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227(b). Compl., ECF No. 1.

Defendants now move to dismiss, arguing that the Court lacks personal jurisdiction over them, that Plaintiffs failed to serve Defendants with sufficient process, and that the Complaint fails to state a claim against them. Mem. in Support of Mot. Dismiss ("Def.'s Br."), ECF No. 13 (citing Fed. R. Civ. P. 12(b)(2), 12(b)(5), and 12(b)(6)).

For the following reasons, the Court lacks personal jurisdiction over the Defendants and **GRANTS** the motion to dismiss.

# I.     FACTUAL AND PROCEDURAL BACKGROUND

## A.     Factual Allegations

Mr. Kaye, a Connecticut resident, and Roger H. Kaye, MD PC, a professional corporation with its principal place of business in Norwalk, Connecticut, allege that Defendant MD TLC,[1] a medical consultant office and full-service cosmetic medicine practice based in Massachusetts, sent unsolicited fax advertisements to Plaintiffs' fax machine. Compl. at 2–3. Plaintiffs allege that Ms. Goshgarian and Ms. Quibell personally directed and authorized sending the faxes, and were the "guiding spirits and central figures behind the Fax Advertisements being sent in the manner in which they were sent" on at least three occasions, January 9, 2014, February 18, 2014, and March 4, 2014. *Id.* at 3.

The faxes, which Plaintiffs attached to the Complaint, advertise a "comprehensive aesthetics/cosmetics workshop" at a hotel in Las Vegas that would "focus on didactics, hands on training, and establishing and maximizing cash procedures in your practice."[2] Compl. Ex. A (emphasis omitted), ECF No. 1-1. The faxes explained that the workshop would cover topics including laser hair removal, cellulite reduction, toenail fungus removal, tattoo removal, and skin rejuvenation. *Id.* The faxes also stated: "If you cannot attend the workshop, or if you would like more information on the aesthetic industry: Please call (866) 637-5801 ext. 1, or email:

---

[1] Ms. Goshgarian is a Massachusetts resident and President and Owner of MD TLC. Compl. ¶ 4. Ms. Quibell, a Massachusetts resident and physician who practices at MD TLC, co-founded MD TLC with Ms. Goshgarian in 2000. *Id.* ¶ 5.

[2] Under Rule 12(b), the Court may consider "any written instrument attached to [the Complaint] as an exhibit or any statements or documents incorporated in it by reference." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002) (quoting *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir. 1995)). "Even where a document is not incorporated by reference, the court may nevertheless consider it where the complaint relies heavily upon its terms and effect, which renders the document integral to the complaint." *Id.* at 153 (internal quotation marks and citation omitted). The Court finds that, here, the faxes were incorporated by reference into the Complaint. The Complaint also relies heavily on the terms of the faxes, making them integral to the Complaint. *See id.*

info@SaratogaCourses.com." *Id.* The signature line included the signature of Michael Smith,

Saratoga Courses, Aesthetics Division. *Id.* The faxes also contained an opt-out notice that read:

> The recipient is entitled to require the sender not to send any future unsolicited advertisements to its telephone facsimile machine. Failure to comply within 30 days from the date the request is properly made is unlawful. (877) 254-0029 is the telephone number and (800) 561-4021 is the fax number for the recipient to transfer such opt-out request.

*Id.*; *see also* Compl. at 4.

The faxes did not mention Defendants. *See generally* Compl. Ex A.

Plaintiffs allege that the faxes failed to state that "a recipient's request to opt out of future fax advertising will be effective only if the request identifies the telephone number(s) of the recipient's telephone facsimile machine(s) to which the request relates," and because it "fails to state that a recipient's opt-out request will be effective so long as that person does not, subsequent to making such request, provide express invitation or permission to the sender, in writing or otherwise, to send such advertisements." *Id.* at 4.

Plaintiffs allege that Defendants "either negligently or willfully and/or knowingly arranged for and/or caused the Fax Advertisements to be sent to Plaintiffs' fax machine." *Id.* They allege that they suffered harm as a result of receiving the unsolicited faxes, namely wasted paper and toner, that the faxes occupied their line, and that they wasted time and caused Plaintiffs annoyance. *Id.* at 4–5.

### B. Procedural History

On January 5, 2018, Plaintiffs filed a Complaint against Defendants for violating the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA"), claiming that "Defendants have caused to be sent out over five thousand (5,000) unsolicited and solicited fax advertisements for goods and/or services without proper opt-out notices to persons throughout

the United States within the applicable limitations period for the TCPA, which is four years."

Compl. ¶ 2.

On January 8, 2018, Plaintiffs moved to certify a class. ECF No. 8.

On January 30, 2018, Defendants moved to dismiss under Federal Rules of Civil

Procedure 12(b)(2), for lack of personal jurisdiction; 12(b)(5), for insufficient service of process;

and 12(b)(6), for failure to state a claim upon which relief can be granted. Mot. Dismiss, ECF

No. 12.[3]

## II.    STANDARD OF REVIEW

First, on a motion to dismiss for lack of personal jurisdiction under Federal Rule of Civil

Procedure 12(b)(2), the "plaintiff bears the burden of showing that the court has jurisdiction over

the defendant." *In re Magnetic Audiotape Antitrust Litig.*, 334 F.3d 204, 206 (2d Cir. 2003).

Where, as here, the parties have not engaged in discovery on the jurisdictional question, the

plaintiff need only make a prima facie showing that jurisdiction exists. *Licci ex rel. Licci v.

Lebanese Canadian Bank, SAL*, 673 F.3d 50, 59 (2d Cir. 2012); *Bank Brussels Lambert v.

Fiddler Gonzalez & Rodriguez*, 171 F.3d 779, 784 (2d Cir. 1999) ("Where a 'court [has chosen]

not to conduct a full-blown evidentiary hearing on the motion, the plaintiff need make only a

prima facie showing of jurisdiction through its own affidavits and supporting materials.'")

(quoting *Marine Midland Bank, N.A. v. Miller*, 664 F.2d 899, 904 (2d Cir. 1981)).

"The prima facie showing must include an averment of facts that, if credited by the

ultimate trier of fact, would suffice to establish jurisdiction over the defendant." *Licci ex rel.

Licci*, 673 F.3d at 59; *see also Glenwood Sys., LLC v. Med-Pro Ideal Sols., Inc.*, No. 3:09-cv-956

(WWE), 2010 WL 11527383, at *2 (D. Conn. May 4, 2010) ("At this stage of the proceedings, if

---

[3] Defendants have decided to withdraw their motion to dismiss for insufficient service of process. Def.'s Reply at 1–2, ECF No. 21. The Court therefore will not review this issue.

the court relies upon pleadings and affidavits, the plaintiff must make out only a prima facie showing of personal jurisdiction, and the affidavits and pleadings should be construed most favorably to the plaintiff."), *aff'd*, 438 Fed. App'x 27 (2d Cir. 2011), *as amended* (Sept. 23, 2011) (citing *CutCo Industries, Inc. v. Naughton*, 806 F.2d 361, 365 (2d Cir. 1986)). A court considers the facts as they existed when the plaintiff filed the complaint. *See id.* (citing *Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille Lauro in Amministrazione Straordinaria*, 937 F.2d 44, 52 (2d Cir. 1991)).

Second, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a), and a court will dismiss any claim that fails "to state a claim upon which relief can be granted," Fed. R. Civ. P. 12(b)(6). In reviewing a complaint under Rule 12(b)(6), a court applies a "plausibility standard" guided by "two working principles." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*; *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (internal citations omitted)). And "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679. Thus, a complaint must contain "factual amplification . . . to render a claim plausible." *Arista Records LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010) (quoting *Turkmen v. Ashcroft*, 589 F.3d 542, 546 (2d Cir. 2009)).

At this stage, a court takes all factual allegations in the complaint as true. *Iqbal*, 556 U.S. at 678. A court also views allegations in the light most favorable to the plaintiff, and draws all

inferences in the plaintiff's favor. *Cohen v. S.A.C. Trading Corp.*, 711 F.3d 353, 359 (2d Cir. 2013); *see also York v. Ass'n of the Bar of the City of New York*, 286 F.3d 122, 125 (2d Cir.) ("On a motion to dismiss for failure to state a claim, we construe the complaint in the light most favorable to the plaintiff, accepting the complaint's allegations as true."), *cert. denied*, 537 U.S. 1089 (2002).

## III.  DISCUSSION

In reviewing cases involving federal statutes, such as the Telephone Consumer Protection Act, "federal courts are to apply the personal jurisdiction rules of the forum state, . . . provided that those rules are consistent with the requirements of Due Process." *Penguin Grp. (USA) Inc. v. Am. Buddha*, 609 F.3d 30, 35 (2d Cir.), *certified question accepted*, 15 N.Y. 3d 744 (2010), and *certified question answered*, 16 N.Y. 3d 295 (2011); *see also Shostack v. Diller*, No. 15-CV-2255 (GBD) (JLC), 2015 WL 5535808, at *3 (S.D.N.Y. Sept. 16, 2015), *report and recommendation adopted*, No. 15 CIV 2255 (GBD) (JLC), 2016 WL 958687 (S.D.N.Y. Mar. 8, 2016) (applying New York law for personal jurisdiction question in Junk Fax Prevention Act context). [4]

---

[4] 47 U.S.C. § 227(b)(1) of the Telephone Consumer Protection Act makes it unlawful to send an unsolicited advertisement to a fax machine unless the sender has (1) an "established business relationship with the recipient"; (2) obtained the fax number through "voluntary communications of such number, within the context of such established business relationship," or because the recipient voluntarily made the number available through a directory, advertisement, or website; and (3) "the unsolicited advertisement contains a notice meeting the requirements under paragraph 2(D) . . . ." The FCC defines an existing business relationship as:

> a prior or existing relationship formed by a voluntary two-way communication between a person or entity and a business or residential subscriber with or without an exchange of consideration, on the basis of an inquiry, application, purchase or transaction by the business or residential subscriber regarding products or services offered by such person or entity, which relationship has not been previously terminated by either party.

47 C.F.R. § 64.1200(f)(6).

Paragraph (2)(D) enables the Federal Communications Commission ("FCC") to "prescribe regulations to implement the requirements of this subsection," including that the FCC "shall provide that a notice contained in an unsolicited advertisement" must contain an opt-out notice. 47 U.S.C. § 227(2)(D). The notice must be "clear and conspicuous and on the first page of the unsolicited advertisement," and it must state that the "recipient may make a

Here, the Court must apply Connecticut's long-arm statute, which provides that "a trial court may exercise jurisdiction over a foreign defendant only if the defendant's intrastate activities meet the requirements both of [the state's long-arm] statute and of the due process clause of the federal constitution." *Thomason v. Chem. Bank*, 234 Conn. 281, 286 (1995). If the Court has personal jurisdiction over the defendant under the long-arm statute, the Court will consider whether jurisdiction would comport with the Due Process Clause of the United States Constitution. *See Licci ex rel. Licci*, 732 F.3d at 168; *see also Lombard Bros., Inc. v. General Asset Management Co.*, 190 Conn. 245, 248–49 (1983) (explaining that the Court need only address due process considerations if it determines that jurisdiction exists under the long-arm statute).

Connecticut's long arm statute provides that a foreign corporation will be amenable to suit in this state based on a cause of action arising out of: (1) a contract made or to be performed in Connecticut; (2) business solicited in the state; (3) the production, manufacture, or distribution of goods with the reasonable expectation that they will be used or consumed in the state; or (4) tortious conduct in the state. Conn. Gen. Stat. § 33-929(f). It does not require "that a party transact business within the state to be subject to suit nor does it require a causal connection between the plaintiff's cause of action and the defendant's presence in the state." *Tomra of N. Am. Envt'l Prods. Corp.*, 4 F. Supp. 2d 90, 93 (D. Conn. 1998) (footnote omitted) (citing *Thomason*, 234 Conn. at 295–97, and *Lombard Bros., Inc.*, 190 Conn. at 253–54). The statute instead requires "a nexus between the cause of action alleged and the conduct of the defendant within the state." *Donner v. Knoa Corp.*, No. 3:01-cv-2171 (JCH), 2002 WL 31060366, at *3 (D. Conn. July 29, 2002).

---

request to the sender of the unsolicited advertisement not to send any future unsolicited advertisements to a telephone facsimile machine or machines . . . ." *Id.*

Defendants argue that they lack the minimum contacts with Connecticut sufficient for this Court to exercise jurisdiction over them. Def.'s Br. at 3 ("Plaintiff's Complaint correctly states Plaintiff Dr. Kaye is a resident and citizen of the State of Connecticut, that Plaintiff Roger H. Kaye, MD PC is a Connecticut professional corporation, that Defendant MD TLC is a Massachusetts corporation and that Ms. Goshgarian and Dr. Quibell are residents and citizens of the Commonwealth of Massachusetts."). Defendants argue that Plaintiffs have failed to plead that Defendants sent unsolicited faxes, or caused unsolicited faxes to be sent, to Plaintiffs, and other than vague allegations that Defendants sent unsolicited faxes, Defendants have no contacts with Connecticut. Def.'s Br. at 8 ("MD TLC, Ms. Goshgarian and Dr. Quibell did not send or have any involvement or participation in or knowledge of the faxes, did not do any business in the State of Connecticut and did not commit any tortious acts in Connecticut."). The Court agrees.

First, Plaintiffs have failed to establish that this Court has general jurisdiction over MD TLC, Inc.—a Massachusetts corporation, according to Plaintiffs' Complaint. *See* Compl. at 2–3; *see Brown v. Lockheed Martin Corp.*, 814 F.3d 619, 624 (2d Cir. 2016) ("[A] court may exercise two types of personal jurisdiction over a corporate defendant properly served with process. These are specific (also called 'case-lined') jurisdiction and general (or 'all-purpose) jurisdiction. Specific jurisdiction is available when the cause of action sued upon arises out of the defendant's activities in a state. General jurisdiction, in contrast, permits a court to adjudicate any cause of action against the corporate defendant, wherever arising, and whoever the plaintiff."); *see also Daimler AG v. Bauman*, 571 U.S. 117, 138–39 (2014) (explaining that the question of whether the court has general jurisdiction over a corporation does not depend on whether "a foreign corporation's in-form contacts can be said to be in some sense 'continuous and systematic,'" and

instead, "it is whether that corporation's 'affiliations with the State are so 'continuous and systematic' as to render [it] essentially at home in the forum State.'") (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)).

The Complaint in this case does not establish that MD TLC had any contacts with Connecticut, much less sufficient contacts to render it at home here. *See Goodyear Dunlop*, 564 U.S. at 919 ("A court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims against them when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State.").

Second, for specific jurisdiction, Plaintiffs would need to allege that Defendants—the Massachusetts corporation or the two individual Massachusetts residents—knowingly caused the faxes to be sent to a Connecticut fax machine in violation of the Telephone Consumer Protection Act. *See Hudak v. Berkley Grp., Inc.*, No. 3:13-CV-00089-WWE, 2014 WL 354676, at *2 (D. Conn. Jan 23, 2014) ("Here, plaintiff alleges that defendants have committed tortious conduct and repeatedly solicited business in this state. Either allegation, if true, would subject defendants to personal jurisdiction under Connecticut's long-arm statute.").

Plaintiffs argue that they have sufficiently alleged that "Goshgarian and Quibell, individually and/or collectively and personally directed and authorized all of the fax advertisements sent to Plaintiff and the two proposed classes, were intimately involved in the program to send the Fax Advertisements, including the design of the Fax Advertisements, and authorized payment for the sending of the Fax Advertisements." Opp. to Mot. Dismiss at 5, ECF No. 17 (citing Compl. ¶ 8). Plaintiffs argue that the Complaint alleges that "Defendants caused the Fax Advertisements to be sent to Plaintiffs into Connecticut, specifies dates that Defendants

did so and also quotes the deficient Opt-Out notice contained on the Fax Advertisements." *Id.* at 4 (citing Compl. ¶¶ 7, 9).

Those allegations, however, are not sufficient to establish that Defendants sent faxes to Connecticut or directed that faxes be sent here. *Compare Bristol-Myers Squibb Co.*, 2017 WL 3017521, at *3 (finding that "plaintiff has not sufficiently pleaded that defendant caused the faxes to be sent, participated in the activity giving rise to or constituting the violation, [or] the faxes were sent on [their] behalf" where the only alleged connection between the defendant and the fax was that the defendant's product was being advertised on the fax), *with Hudak*, 2014 WL 354676, at *3 (noting that the defendant had admitted that, although it had not sent the faxes, it directed them to be sent). The faxes themselves contain no mention of Defendants, and Plaintiffs fail to allege sufficient facts to connect Defendants with Saratoga Courses—the entity where Michael Smith, the apparent author of the fax, works, and the web-address where fax recipients may register for or decline the workshop. *See* Compl. Ex. A ("**To REGISTER, see the agenda or for more info, call . . . Or visit: www.SaratogaCourses.com**") (emphasis in original).

In the absence of facts to support the allegation that Defendants sent the faxes or directed Saratoga Courses to send the faxes, Plaintiffs have failed to allege sufficient facts to "nudge[] their claim[] across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

Moreover, Defendants submitted affidavits stating that neither the corporation nor the individual Defendants had a relationship with Connecticut, and neither the corporation nor the individual Defendants sent the faxes or directed that they be sent. *See* Goshgarian Aff. ¶ 13, Def.'s Br. Ex. A, ECF No. 13-1 ("MD TLC, Inc. and I did not send the faxes at issue in this action. MD TLC and I do not send any facsimile advertisements. MD TLC and I did not create, review or have any participation in or knowledge of the faxes at issue in this action prior to their

transmittal. MD TLC, Inc. and I did not create, review, determine or have any participation in or knowledge of the lists of recipients the faxes at issue in this action were to be sent to before and after their transmittal. MD TLC, Inc. and [I] did not elect Plaintiff or anyone in the State [of] Connecticut or elsewhere to be the recipient of the faxes at issue."); *id.* ¶ 15 ("MD TLC, Inc. and I did not authorize or ratify the sending of the faxes at issue in this action. MD TLC, Inc. and I do not have a relationship with Michael Smith the apparent sender of the faxes at issue."); Quibbell Aff. ¶ 12, Def.'s Br. Ex. B, ECF No. 13-2 ("I did not send the faxes at issue in this action. I do not send any facsimile advertisements. I did not create, review or have any participation in or knowledge of the faxes at issue in this action prior to their transmittal. . . ."). In response, Plaintiffs rely only on the same conclusory allegations in their Complaint.[5]

The Court therefore finds that Plaintiffs have failed to make a prima facie case of personal jurisdiction over these Massachusetts Defendants. *See Licci ex rel. Licci*, 673 F.3d at 59 ("The prima facie showing must include an averment of facts that, if credited by the ultimate trier of fact, would suffice to establish jurisdiction over the defendant.").

The Court also finds that Plaintiffs' Complaint lacks the "legally sufficient allegations of jurisdiction" necessary to require additional discovery on the issue of personal jurisdiction. *See In re Magnetic Audiotape Antitrust Litig.*, 334 F.3d 204, 206 (2d Cir. 2003). Again, Plaintiffs rely on nothing more than the conclusory allegations contained in their Complaint. As discussed above, a reasonable inference cannot be drawn from these allegations to establish jurisdiction over these Defendants in Connecticut. *See Iqbal*, 556 U.S. at 678 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. . . . The plausibility standard is

---

[5] Indeed, at oral argument, counsel for Plaintiffs conceded that no additional facts could be alleged on the issue of personal jurisdiction at this time.

not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully.") (quoting *Twombly*, 550 U.S. at 556).

In the absence of legally sufficient allegations of jurisdiction, discovery on the question of personal jurisdiction over these Defendants is not warranted here. *See Jazini v. Nissan Motor Co., Ltd*, 148 F.3d 181, 186 ("Since the Jazinis did not establish a prima case that the district court had jurisdiction over Nissan Japan, the district court did not err in denying discovery on that issue.") (citing *Lehigh Valley Indus. v. Birenbaum*, 527 F.3d 87, 93-94 (2d. Cir. 1975)); *see also Ehrenfeld v. Mahfouz*, 489 F.3d 542, 550 n.6 (2d Cir. 2007) (noting that "[i]f the District Court understood [*Jazini*, 148 F.3d 181] as forbidding jurisdictional discovery any time a plaintiff does not make a prima facie showing of jurisdiction, this would be legal error," but noting nonetheless that the plaintiff must state legally sufficient allegations of jurisdiction and that the district court has the authority to exercise discretion over whether to grant discovery on a jurisdictional question).

Defendants' motion to dismiss for lack of personal jurisdiction therefore is granted.[6]

## IV.  CONCLUSION

For the foregoing reasons, the Court lacks personal jurisdiction over Defendants, a Massachusetts corporation and two individual Massachusetts residents. Defendants' motion to dismiss under Federal Rule of Civil Procedure 12(b)(2) therefore is **GRANTED**.

The Clerk of the Court is directed to close this case.

SO ORDERED at Bridgeport, Connecticut, this 20th day of July, 2018.

    /s/ Victor A. Bolden
Victor A. Bolden
United States District Judge

---

[6] Because the Court grants Defendants' motion to dismiss for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2), the Court does not and need not reach the issue of whether the case should be dismissed under Fed. R. Civ. P. 12(b)(6).